UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Sports Publishing LLC., an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 08-2080 ) |
| Eric Lefkofsky, Elizabeth Lefkofsky, Steven Zuccarini, Nicholas Galassi, Eric Belcher, Orange Media, LLC, and InnerWorkings, Inc., a Delaware Corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S UNOPPOSED MOTION TO SEAL COMPLAINT

COMES NOW Plaintiff Sports Publishing LLC ("Sports Publishing"), by its attorney, Daniel J. Pope, and moves this Court for an Order Sealing the Complaint (Docket Entry No. 1) in this matter on the ground that this Court has deemed its allegations retracted, withdrawn and rescinded, and, without such an Order, defendants may suffer undue prejudice and/or harm if such retracted allegations remain part of the public record. In support of this Motion, Sports Publishing states as follows:

1. On March 31, 2008, Sports Publishing filed its Complaint in this matter. On April 17, 2008, this Court (upon motion by Sports Publishing) dismissed with prejudice all claims against all individual defendants and Orange Media LLC and deemed the allegations of the Complaint to have been retracted, rescinded, and withdrawn with prejudice. *See* Text Order dated April 17, 2008.

2. Courts have supervisory power over their files and have the power to

restrict access thereto, particularly when court records could be used for an improper purpose or cause harm to a litigant. *See e.g., Nixon v. Warner Communications,* 435 U.S. 589, 598 (1978). This is especially true here, when potentially harmful allegations have been retracted. *See id.* While in general, documents in judicial files are presumptively open to the public, such a presumption is not absolute. *See, e.g., Jessup v. Luther,* 277 F.3d 926, 228 (7th Cir. 2002). The presumption is informed by the First Amendment and the public interest in monitoring judicial performance, which must be weighed on a case-by-case basis. *Id.* In this case, those underlying concerns are far outweighed by the fact that no compelling public right exists to access retracted statements and that this case was voluntarily dismissed immediately after it was filed. Accordingly, there simply is no judicial performance to monitor here.

3. The Motion is unopposed.

WHEREFORE, for the foregoing reasons, Plaintiff Sports Publishing, LLC prays that the Complaint in this action (Docket Entry No.1) be sealed, including without limitation on the Court's Electronic Filing System, and for any other appropriate relief.

Dated: April 25, 2008

Respectfully submitted,

Sports Publishing, LLC, by its attorney,
DANIEL J. POPE

_____
DANIEL J. POPE
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
Telephone : (217) 337-1400
Fax : (217) 337-1607

F:\DOCS\Dan\Sports Publishing\Motion to Seal.doc
*F:\DOCS\Dan\Sports Publishing\Motion to Seal.doc*